## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**JORGE GALLARDO**
2846 Pickle Rd #166
Oregon, Ohio 43616

                 Plaintiff,

v.

**GODADDY.COM, LLC**
14455 N. Hayden Road, Suite 219
Scottsdale, AZ 85260

and

**GO DADDY OPERATING
COMPANY, LLC**
2155 E. GoDaddy Way
Tempe, AZ 85284

                 Defendants.

\*    Case No.

\*    Judge

\*    **COMPLAINT; JURY DEMAND
ENDORSED HEREON**

\*

\*    Francis J. Landry   (0006072)
\*    Katherine A. Pawlak Macek (0086885)
     **WASSERMAN, BRYAN, LANDRY**
\*     **& HONOLD LLP**
     1090 W. South Boundary St
\*    Suite 500
     Perrysburg, Ohio 43551
\*    Telephone:  (419) 243-1239
     Facsimile:  (419) 243-2719
\*    Flandry308@aol.com
     Kmacek@wblhlaw.com
     Attorney for Plaintiff
     Jorge Gallardo

\*    \*    \*    \*    \*    \*    \*    \*

### JURISDICTION AND VENUE

1. This is an action for declaratory judgment of domain name ownership arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., in which Plaintiff seeks a declaratory judgment of plaintiff's ownership of the jorgegallardo.com domain name as a bona fide purchaser against Defendants. Furthermore, Plaintiff seeks a judgement that Defendants have committed the tort of conversion as Defendants, without authorization, possessed and is possessing Plaintiff's jorgegallardo.com domain name. This Court has subject matter

jurisdiction over Plaintiff's claim pursuant to 18 U.S.C. §§ 2201 et seq based upon the actual controversy between the parties and Plaintiff's request for declaratory judgment. This Court has supplemental jurisdiction over the related state law claims in this Complaint pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. This Court also has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. Defendants are either citizens of the State of Delaware or citizens of the State of Arizona. Plaintiff is a citizen of the State of Ohio. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs

2. On information and belief, the Court has general personal jurisdiction over Defendants because Defendants have conducted substantial and continuous business in (and has substantial and continuous contact with) the Northern District of Ohio. The Court has specific personal jurisdiction over Defendants because Defendants committed its unlawful activities that injured Plaintiff in this jurisdiction.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the property and Defendants' activities that are the subject of this action is located in this jurisdiction, as Plaintiff's domain name held by Defendants in this jurisdiction

**PARTIES**

4. Plaintiff is an individual residing in the state of Ohio.

5. Upon information and believe, Defendant GoDaddy.com, LLC is a Delaware limited liability company with a principal place of business located at 14455 N. Hayden Road, Suite 219, Scottsdale, AZ 85260.

6. Upon information and believe, Defendant Go Daddy Operating Company, LLC is a Delaware limited liability company with a principal place of business located at 2155 E. GoDaddy Way, Tempe, AZ 85284.

7. Defendants provide domain name registration service to millions of customers as a registrar. Their customers who are the registrants of domain names, manage their domain names including transferring domain names through Defendants by using accounts they have with Defendants. This Court has subject matter jurisdiction over Plaintiff's claim pursuant to 18 U.S.C. §§ 2201 et seq based upon the actual controversy between the parties and Plaintiff's request for declaratory judgment.

## GENERAL ALLEGATIONS

8. Plaintiff is the rightful owner of the domain name jorgegallardo.com as a bona fide purchaser.

9. Plaintiff purchased the jorgegallardo.com domain name through Defendants in 2009

10. On or about October 30, 2022, Plaintiff made a $60.51 payment to Defendants for the continuation of his domain name for three years.

11. Shortly thereafter, Defendants claimed that Plaintiff's payment was missing, and his domain name was unlawfully confiscated by Defendants on December 13, 2023.

12. Defendants improperly sought additional payments from Plaintiff for his domain name, although he had already made payment in full.

13. Plaintiff reported this issue to Defendants.  To date, Defendants have failed to release the jorgegallardo.com domain name back to Plaintiff.

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT

14. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

15. An actual and justiciable controversy exists between Plaintiff and Defendants as to whether Plaintiff is the rightful owner of the jorgegallardo.com domain name as a bona fide purchaser.

16. As a domain name registrar, Defendants do not have ownership over the jorgegallardo.com domain name.

17. As a domain name registrar, Defendants cannot refuse to transfer the jorgegallardo.com domain name to Plaintiff.

18. As a domain name registrar, Defendants lack authority to confiscate the jorgegallardo.com domain name to themselves.

19. Defendants' express actions to wrongfully process Plaintiff's jorgegallardo.com domain name without authorization and without notifying Plaintiff places the jorgegallardo.com domain name solely under Defendants' dominion and control to the exclusion of Plaintiff.

20. Defendants have not transferred the jorgegallardo.com domain name to Plaintiff while knowing that Plaintiff is the rightful owner of the jorgegallardo.com domain name.

21. Defendants' such overt activities showing it has been denying Plaintiff's ownership over the jorgegallardo.com domain name.

22. Plaintiff, Defendants, and the public will face uncertainty regarding the entity with proper title and rights to the jorgegallardo.com domain name, and this reasonable apprehension of further litigation to clarify the rights at issue.

23. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Plaintiff respectfully requests a declaration and judgment by this Court that he is the rightful owner of the jorgegallardo.com domain name.

**SECOND CLAIM FOR RELIEF**
**CONVERSION**

24. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

25. Defendants, without authorization, possessed and is possessing Plaintiff's jorgegallardo.com domain name.

26. By taking the jorgegallardo.com domain name from Plaintiff, Defendants wrongfully obtained dominion and control over Plaintiff's jorgegallardo.com domain name.

27.  The jorgegallardo.com domain name constitutes Plaintiff's personal property.

28. Plaintiff has an immediate right to possess the jorgegallardo.com domain name as the lawful owner of it and its respective registration.

29.  As a result of Defendants' improper actions, Plaintiff has suffered damage in the loss of dominion and control of the jorgegallardo.com domain name, and has damaged Plaintiff including losses for the inability to promote his brand, damage to his reputation, and business losses, including monetary losses.

30. Accordingly, Defendants have committed the tort of conversion.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a. A declaration that Plaintiff is the rightful owner of the jorgegallardo.com domain name;

b. A return of the jorgegallardo.com domain name to Plaintiff's possession, ownership, and control;

c. A judgment against Defendants and in favor of Plaintiff that Defendants have committed the tort of conversion; d. An award to Plaintiff of his actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law all in an amount exceeding the sum of $75,000.00 exclusive of interest and costs;

e. An award to Plaintiff of costs, expenses, and reasonable attorneys' fees incurred in this action; and

f. Further relief as the Court may deem just and proper.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

/s/ Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Jorge Gallardo

## <u>JURY DEMAND</u>

Plaintiff demands a jury trial as to all issues so triable in the within cause.

/s/ Francis J. Landry
Francis J. Landry